# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL FRANCIS TAYLOR, | 1:12-cv-00414-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO TERMINATE ACTION |
| v. | |
| M.D. STAINER, et. al., | |
| Respondents. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment."  Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.  Any deprivation that does not affect the fact or duration of a prisoner's overall confinement is

necessarily a condition of that confinement. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999).  In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).  In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

Petitioner is currently serving a life term without the possibility of parole resulting from a conviction in the Los Angeles County Superior Court.  Petitioner has previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction, in the United States District Court for the Central District of California, case number 2:03-cv-06540-MMM-CT.

In the instant petition, Petitioner contends the Director of U.S. Citizenship and Immigration Services erred as a matter of law in not applying the plain terms of 8 U.S.C. § 1481(a)(6) in ruling on his request to relinquish his U.S. nationality.  Petitioner contends that he is a practicing Muslim and being an American citizen is contrary to his beliefs.

Petitioner has previously sought relief on this very same claim, by way of Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361, in case number 1:10-cv-01892-LJO-JLT, Kirkell Taylor v. U.S. Department of State.[1,2]  The petition was dismissed based upon sovereign immunity and for failure to state a cognizable claim. See Findings and Recommendations, ECF No. 4, adopted in full, ECF No. 5.

///

---

[1] The Court has reviewed both petitions and the factual and legal allegations are identical.

[2] In addition, Petitioner is a three-strike litigant having suffered three or more dismissal under 28 U.S.C. § 1915(g). See, 1:11-cv-1143-AWI-GSA, Kirell Taylor v. United States Attorney General, ECF No. 3 fn. 1 (citing "1:07-cv-00240-OWW-DLB (E.D. Cal.) Taylor v. Kern Valley State Prison (dismissed on 9/12/08 for failure to state a claim); 1:08-cv-1561-AWI-GSA (E.D. Cal.) Taylor v. Blackstone (dismissed on 9/11/09 for failure to state a claim); and 1:10-cv-01892-LJO-JLT (E.D. Cal.) Taylor v. U.S. Department of State (dismissed on 11/13/10 for failure to state a claim).")

Petitioner's challenge to his U.S. citizenship does not state a cognizable claim for relief under 28 U.S.C. § 2241 because it does not challenge the fact or duration of his confinement. Rather, the instant petition appears to be an attempt by Petitioner to relitigate the very same claim previously denied by this Court in case number 1:10-cv-1892-LJO-JLT, which is not permitted and could potentially result in sanctions to Petitioner. Accordingly, the instant petition for writ of habeas corpus must be dismissed.

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED;
2. The Clerk of Court is directed to terminate this action; and
3. Petitioner's motion to proceed in forma pauperis is DISREGARDED as MOOT.

IT IS SO ORDERED.

Dated:   **April 9, 2012**                    **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE